IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| CONTINENTAL CASUALTY COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 06-2256-CM |
| | ) | |
| MULTI SERVICE CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

## PROTECTIVE ORDER

IT IS HEREBY STIPULATED, AGREED AND ORDERED that the following protective provisions shall govern all proceedings conducted by the parties in this action:

1. In responding to written discovery requests and/or Rule 26 disclosures in this action, any party or non-party responding (the "Responding Entity") may designate as "CONFIDENTIAL" any documents, information or material that the Responding Entity believes contains proprietary, confidential or sensitive information, and/or documents, information or material the disclosure of which would tend to cause unreasonable annoyance, expense, embarrassment, disadvantage or oppression to the Responding Entity's legitimate business or privacy interests.

2. The Responding Entity shall conspicuously mark the copies of documents which contain confidential material as "CONFIDENTIAL."

3. Designation of information as "CONFIDENTIAL" is neither an admission nor an acknowledgement that the marked document is or is not "confidential", "proprietary", or

"trade secret", as those terms are defined under the common law or any statute.

4.      Any documents marked as "HIGHLY CONFIDENTIAL" or otherwise protected under a protective order in the underlying action styled *Comdata Network, Inc. d/b/a Comdata Corporation v. MultiService Corporation and PerfectStop Partners, L.P.*, in the United States District Court for the Middle District of Tennessee, will be deemed "HIGHLY CONFIDENTIAL" in accordance with those existing protective orders with the parties to this Protective Order agreeing to abide by the terms and conditions of those previous protective orders.

5.      A party shall not be obligated to challenge the designation of material as "HIGHLY CONFIDENTIAL" or "CONFIDENTIAL" at the time it is made, and failure to do so shall not preclude subsequent challenge thereto.

6.      Material designated as "HIGHLY CONFIDENTIAL" or "CONFIDENTIAL" may be used only for the purpose of:  (a) preparing for and conducting investigation, discovery, pretrial, trial and appellate proceedings in the Action, (b) negotiating any agreement between and among the Parties to this Action, including, without limitation, any settlement agreements or (c) in accordance with Paragraph 6 of this Protective Order.

7.      Counsel for each party shall take all reasonable precautions necessary to prevent the unauthorized or inadvertent disclosure of any "HIGHLY CONFIDENTIAL" or "CONFIDENTIAL" information. If "HIGHLY CONFIDENTIAL" or "CONFIDENTIAL" information is disclosed to any person other than in the manner authorized by this Protective Order, the party responsible for the disclosure must immediately bring all pertinent facts

relating to such disclosure to the attention of the party that produced the information and, without prejudice to other rights and remedies of the other parties, must make every effort to prevent further disclosure by the person who received the information that is "HIGHLY CONFIDENTIAL" or "CONFIDENTIAL." The Parties will cooperate in the retrieval of inadvertently disclosed "HIGHLY CONFIDENTIAL" or "CONFIDENTIAL" documents or information.

8. Except as the Court may otherwise expressly direct, and subject to the further conditions imposed by this Protective Order, material that is designated as "HIGHLY CONFIDENTIAL" or "CONFIDENTIAL" may be disclosed only to the following persons and entities:

a. Counsel for the parties to this Action, and to paralegal assistants, office clerks, secretaries and other such personnel working under counsel's supervision;

b. In-house counsel for the parties, and employees, officers, directors or representatives of the parties (and their assistants) who are, in the normal course of business, involved in the review, evaluation, audit or handling of the Action;

c. Expert witnesses and/or consulting experts, their associates, assistants, and other personnel employed directly by such experts who agree to be bound by the terms of this Order,

d. Employees and former employees of the parties to this action to the extent that such employees and former employees are actual or potential witnesses or consultants, and only to the extent that the "HIGHLY CONFIDENTIAL" or

"CONFIDENTIAL" material is shown to them for purposes of this Action;

   e. The Court, court personnel and court reporters;

   f. Any person or entity that has an interest in the Action as an insurer, reinsurer or auditor; and

   g. Such other persons as may be agreed by written stipulation of the Responding Entity and the party seeking to make the disclosure, or by further order of the Court.

Each person and entity to whom "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" material is disclosed pursuant to subparagraphs (c), (d), and (g) is required to execute an undertaking in the form of Exhibit A.

  9. Nothing herein shall prohibit a party, or its counsel, from disclosing a document which has been designated as "HIGHLY CONFIDENTIAL" or "CONFIDENTIAL" to a person identified in the document as an author or addressee of such document; provided however, that such person shall be prohibited from retaining any such document, and/or any copies thereof.

  10. Nothing contained in this Protective Order is intended to, nor should it be construed to, operate to bring within the scope of this Protective Order or restrict the use, dissemination, publication or disposition of any documents or information properly obtained from sources at any time by any party outside the discovery process in this action, whether or not such information is similar to information obtained in discovery.

  11. If a party objects to the designation of any material as "HIGHLY

CONFIDENTIAL" or "CONFIDENTIAL," such party shall state the objection by letter to counsel for the entity (whether a party or non-party) making the designation. Grounds for such objections would include, but are not limited to, the fact that the challenged materials: (a) is in the public domain; (b) was known or possessed by the objecting party at the time of disclosure; (c) was received from a third-party under no obligation of confidentiality; (d) was derived or obtained independently of the disclosure from a third-party under no obligation of confidentiality; or (e) would not lead to unreasonable annoyance, expense, embarrassment, disadvantage or oppression if disclosed. The parties shall attempt to resolve any disagreement as to the protected nature of the "HIGHLY CONFIDENTIAL" or "CONFIDENTIAL" information on an informal basis before seeking relief from the Court. If the Responding Entity does not agree to rescind the designation, the objecting party shall file a motion with the Court requesting a determination by the Court as to whether or not the information at issue shall be treated as "HIGHLY CONFIDENTIAL" or "CONFIDENTIAL" under the terms hereof, said motion to be filed within twenty-one (21) days of the request for release. If such a motion is timely filed with the Court requesting such a determination, information designated "HIGHLY CONFIDENTIAL" or "CONFIDENTIAL" shall be treated, respectively, as "HIGHLY CONFIDENTIAL" or "CONFIDENTIAL" as provided for in this Protective Order until the Court enters an order changing the designation. The Responding Entity requesting the designation shall have the burden of proof in connection with any motion or proceeding instituted to challenge the designation of any information as "HIGHLY CONFIDENTIAL" or "CONFIDENTIAL."

12. Anything in this Protective Order to the contrary notwithstanding, any party may use the services of a photocopying service (whether on-site or offsite), printing and binding service, or computer input service with regard to "HIGHLY CONFIDENTIAL" or "CONFIDENTIAL" material, provided such services are advised of the confidential nature of the documents.

13. Nothing contained herein shall be construed to prejudice a party's right to use "HIGHLY CONFIDENTIAL" or "CONFIDENTIAL" information in the taking of testimony at any deposition in this action, or in defending any deposition or in any oral or written argument.

14. If deposition testimony concerning "HIGHLY CONFIDENTIAL" or "CONFIDENTIAL" material is requested or elicited, counsel for any party, including counsel for the Responding Entity that produced the material, may request that:

a. The portions of the testimony, and the transcript thereof, disclosing such material be treated as "HIGHLY CONFIDENTIAL" or "CONFIDENTIAL;" and

b. The room in which the deposition is being taken shall, at the request of the Responding Entity, be closed except to persons who are permitted access to such documents under the terms of this Order or for questioning pertaining to such material.

This designation may also be made on the record at the time of the deposition or at any time thereafter subject to the provisions of Paragraph 11 herein. Upon being informed that certain portions of a deposition are to be designated as "HIGHLY CONFIDENTIAL" or "CONFIDENTIAL," counsel for each party shall cause the designated

pages of each transcript in its custody to immediately be marked "HIGHLY CONFIDENTIAL" or "CONFIDENTIAL." Additionally, the cover page of any deposition transcript containing testimony designated as confidential shall be marked "THIS TRANSCRIPT CONTAINS CONFIDENTIAL INFORMATION—SUBJECT TO PROTECTIVE ORDER."

15. If a witness in a deposition is shown "HIGHLY CONFIDENTIAL" or "CONFIDENTIAL" material, the witness shall be advised that such materials are confidential and may not be further disclosed or disseminated to any third person.

16. If a party inadvertently produces documents containing information which that party believes to be "HIGHLY CONFIDENTIAL" or "CONFIDENTIAL," the party that inadvertently produced material without designating it as "HIGHLY CONFIDENTIAL" or "CONFIDENTIAL" may re-designate the material within a reasonable period, but in no event less than 60 days prior to trial.

Disclosure or production of material without appropriate marking or redaction shall not constitute a waiver of the right by any party to seek protection under this Order and compliance with the procedures of this Paragraph shall not prejudice the right of any party to challenge the designation of material as "HIGHLY CONFIDENTIAL" or "CONFIDENTIAL."

17. With respect to deposition testimony, a party must designate testimony that party believes to be "HIGHLY CONFIDENTIAL" or "CONFIDENTIAL" within a reasonable period, but in no event less than 60 days prior to trial.

18. All "HIGHLY CONFIDENTIAL" or "CONFIDENTIAL" material that is filed with the Court, and any pleadings, motions or other papers filed with the Court disclosing any "HIGHLY CONFIDENTIAL" or "CONFIDENTIAL" material shall be filed under seal and kept under seal until further ordered by the Court. Where possible, only confidential portions of filings with the Court shall be filed under seal. At the time of filing or any time thereafter, such material shall be placed in a sealed envelope, which shall be marked with the title of the action and shall state the following: "THIS ENVELOPE CONTAINS CONFIDENTIAL INFORMATION—SUBJECT TO PROTECTIVE ORDER." The envelope shall also describe the material contained therein (*e.g.*, deposition of John Doe).

19. If a party wishes to use any confidential information in any affidavits, briefs, memorandum of law, oral argument, or other papers filed in this court in this litigation, such papers or transcript may be filed under seal only upon separate, specific motion and later order of the court.[1]

20. Any "HIGHLY CONFIDENTIAL" or "CONFIDENTIAL" material designated by any party to be introduced at trial or as part of the record on appeal may be offered into evidence in open court unless the Responding Entity that produced the material or obtained the "HIGHLY CONFIDENTIAL" or "CONFIDENTIAL" designation for material produced by others obtains an appropriate protective order from this Court or the Appellate Court. The Responding Entity must be given notice and a sufficient opportunity to seek such a protective

---

[1] *See Holland v. GMAC Mortgage Corp.*, No. 03-2666, 2004 WL 1534179, at *1-*2 (D. Kan. June 30, 2004) (citations omitted).

order.

21.  Within thirty (30) days of conclusion of this case, including all appeals and reinsurance recovery all "HIGHLY CONFIDENTIAL" or "CONFIDENTIAL" material and all copies thereof shall, at the request of the party which produced such information, be destroyed, except that counsel shall be entitled to retain all materials which constitute work product and such memoranda and pleadings embodying "HIGHLY CONFIDENTIAL" or "CONFIDENTIAL" information to the extent necessary to preserve a file in this case, so long as such materials are maintained in accordance with the provisions hereof.  All "HIGHLY CONFIDENTIAL" or "CONFIDENTIAL" material disclosed to any person or party pursuant to any provision herein and any other materials returned to the parties by the Court shall also, if practicable, be destroyed as set forth above.

22.  Nothing contained in this Order shall prejudice in any way or waive in any respect the right of any Responding Entity (including non-parties) to assert any privilege as to any documents, whether or not designated as "HIGHLY CONFIDENTIAL" or "CONFIDENTIAL" material pursuant to this Order.

23.  Nothing contained in this Order shall prejudice in any way the right of any party to seek, by way of consent of all parties or by motion to the Court:

    a.  Additional protection for specific items of "HIGHLY CONFIDENTIAL" or "CONFIDENTIAL" material; or

    b.  Relief from the provisions of this Order with respect to specific items or categories of "HIGHLY CONFIDENTIAL" or "CONFIDENTIAL" material.  Moreover,

if a party does not comply with the terms of this Order, the complaining party may petition the Court for sanctions or other appropriate relief.

24. This Protective Order and the rights and duties contained herein shall survive the conclusion of this action.

IT IS SO ORDERED.

Dated this 16th day of November, 2006, at Kansas City, Kansas.

  s/ James P. O'Hara
James P. O'Hara
U.S. Magistrate Judge

PROPOSED BY:

ATTORNEYS FOR PLAINTIFF
CONTINENTAL CASUALTY COMPANY

By: s/ Michael G. Norris
    Michael G. Norris, Esq.
    Attorney No. 07247
    Norris & Keplinger, L.L.C.
    6800 College Boulevard, Suite 630
    Overland Park, Kansas  66211

By: s/Christopher R. Carroll
    Christopher R. Carroll, Esq.
    *Pro Hac Vice*
    Carroll, McNulty & Kull L.L.C.
    120 Mountain View Boulevard
    P.O. Box 650
    Basking Ridge, NJ  07920

ATTORNEYS FOR DEFENDANT
MULTISERVICE CORPORATION

By:     <u>Donald W. Vasos</u>
        Donald W. Vasos, Esq.
        Attorney Number 06371
        Vasos Law Offices
        4400 Shawnee Mission Parkway
        Suite 100
        Fairway, KS 66205-2518

**EXHIBIT A**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| CONTINENTAL CASUALTY COMPANY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 06-2256-CM |
| ) | |
| MULTI SERVICE CORPORATION, ) | |
| ) | |
| Defendant. ) | |

## AGREEMENT AND STATEMENT OF UNDERTAKING

I, _____, hereby acknowledge that I am to be provided access to Confidential Material supplied by _____, as defined in the Protective Order ("Protective Order") dated _____, 2006. I certify my agreement and understanding that the Confidential Material is being provided to me pursuant to the terms and restrictions of the Protective Order. I have been given a copy of and have read and understood my obligations under such Protective Order and hereby expressly agree to be bound by its terms. I clearly understand that the Confidential Material and my copies or notes relating thereto may only be disclosed or discussed with those persons permitted by the Protective Order to receive such information.

I will return on request all materials containing Confidential Material, copies thereof and notes I have prepared relating thereto, to outside trial counsel for the party with whom

I am associated. I hereby submit to the jurisdiction of the Court for the purpose of enforcement of the Protective Order and waive any and all objections to jurisdiction and venue.

Dated:_____   By: _____