# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**CONTINENTAL CASUALTY COMPANY,**   )
                                    )
       **Plaintiff,**              )
                                    )
**v.**                              )
                                    )   No. 06-2256-CM
                                    )
**MULTISERVICE CORPORATION,**       )
                                    )
       **Defendant.**              )
                                    )

## ORDER

This declaratory judgment action is before the court on Plaintiff's Rule 12(b)(6) Motion to Dismiss Counts IV and V of Defendant's Counterclaim (Doc. 8). Plaintiff argues that the court should dismiss Count IV, a counterclaim of fraud, on alternative bases: (1) it is duplicative of Count II, the breach of contract counterclaim; or (2) it is not pleaded with particularity. Plaintiff asks the court to dismiss Count V, the bad faith counterclaim, because the Kansas Supreme Court has held that such claim is not recognized in Kansas.

Based on the allegations in defendant's counterclaim, the court finds that Count IV may not be duplicative of Count II. It is simply too early in the proceedings for the court to hold that, as a matter of law, the counterclaims are the same. This is not to say that the court will not be open to dismissing Count IV at a later time, but the court will not dismiss the counterclaim based on defendant's well-pleaded allegations. The court also finds that, while defendant could have pleaded the counterclaim with a few more facts, defendant's pleading is sufficient to meet the Rule 9(b) particularity requirements.

Count V, however, must be dismissed. The Kansas Supreme Court has repeatedly refused to

recognize the independent tort of bad faith. *See, e.g., Glenn v. Fleming*, 799 P.2d 79, 89–90 (Kan. 1990); *State Farm Fire & Cas. Co. v. Liggett*, 689 P.2d 1187, 1195 (Kan. 1984); *Guar. Abstract & Title Co. v. Interstate Fire & Cas. Co.*, 652 P.2d 665, 668 (Kan. 1982); *Spencer v. Aetna Life & Cas. Ins. Co.*, 611 P.2d 149, 158 (Kan. 1980). Defendant asks the court to reserve ruling on the claim until after it has an opportunity to conduct discovery, but the *Spencer* opinion suggests that the facts are of no importance. In fact, *Spencer* stated that its decision was not tied to the particular facts of that case. 611 P.2d at 151; *see also Resolution Trust Corp v. Fid. & Deposit Co. of Md.*, 885 F. Supp. 228, 230–31 (D. Kan. 1995). The court therefore finds that no facts uncovered in discovery could change the outcome of Count V and dismisses it for failure to state a claim.

**IT IS THEREFORE ORDERED** that Plaintiff's Rule 12(b)(6) Motion to Dismiss Counts IV and V of Defendant's Counterclaim (Doc. 8) is denied in part and granted in part. Count V is dismissed.

Dated this 19th day of March 2007, at Kansas City, Kansas.

> s/ Carlos Murguia
> **CARLOS MURGUIA**
> **United States District Judge**