IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CONTINENTAL CASUALTY COMPANY,   )
                                )
                    Plaintiff,  )
                                )
v.                              )   Case No. 06-2256-CM
                                )
MULTISERVICE CORPORATION,       )
                                )
                    Defendant.  )

**ORDER**

The instant order will serve to confirm and follow up on arrangements made during an informal telephone status conference in this insurance coverage case on July 1, 2009, conducted by the undersigned U.S. Magistrate Judge, James P. O'Hara. The plaintiff, Continental Casualty Company ("Continental"), appeared through counsel, Matthew J. Lodge and Heather E. Simpson. The defendant, MultiService Corporation ("MSC"), appeared through counsel, David A. Hoffman.

Paragraph 16(e) of the final pretrial order (doc. 136) filed on October 31, 2008 states: "Pursuant to 28 U.S.C. § 636(c)(1), the parties would be willing to consent to this case being tried by Judge O'Hara if [the presiding U.S. District] Judge [Carlos] Murguia declines to grant summary judgment on all claims in the case. Judge O'Hara indicated that he probably would grant a special trial setting under these circumstances." On June 23, 2009, Judge Murguia ruled on the parties' cross-motions for summary judgment, leaving only some claims for trial (*see* docs. 187 and 188). Among other rulings, Judge Murguia held as a

matter of law that MSC's pleaded estoppel defense was not viable (*see* doc. 187, p. 7). Judge Murguia also held as a matter of law that Exclusion (p) of the subject insurance policy does *not* exclude coverage for the tortious interference claim that was alleged against MSC in the so-called Comdata lawsuit (*see* doc. 188, p. 7).

Paragraph 5(a) of the pretrial order (doc. 136), in setting forth Continental's factual contentions, states in pertinent part: "MSC's settlement of the Comdata lawsuit is ... precluded from coverage by Exclusion (p) of the Policy because it is *based upon, directly or indirectly arising out of, or in any way involving* charges of monopolization or any actual or alleged violation of the Sherman Act" (emphasis added). Paragraph 6(a)(1) of the pretrial order, articulating Continental's first legal theory of relief, states: "Continental has no duty to indemnify MSC for the $1 million settlement payment made in connection with the Comdata lawsuit due to the application of Exclusion (p) of the Policy." And paragraph 6(a)(2) of the pretrial order, articulating Continental's second legal theory of relief, states: "Continental has no duty to indemnify MSC for a *portion* of the $1 million settlement payment made in connection with the Comdata lawsuit due to the application of Exclusion (p)" (emphasis in original).

During the status conference, MSC argued that, despite the above-quoted provisions in the pretrial order, Continental failed to preserve the position that Exclusion (p) precludes coverage to the extent the settlement and defense costs relate to matters *other than* Comdata's tortious interference claim. By **July 24, 2009**, MSC shall file any motion in limine it wishes the court to consider concerning this argument. By **July 31, 2009**,

Continental shall file its brief in opposition to any such motion.  Any reply brief shall be filed by **August 5, 2009**.  The parties' principal briefs shall be limited to 7 pages and the reply limited to 3 pages.  The parties' briefs shall also address the related issue of whether, assuming Continental has preserved its position that Exclusion (p) precludes coverage to the extent the settlement and defense costs relate to matters *other than* Comdata's tortious interference claim, which party bears the burden of proving how the settlement and defense costs should be allocated among the various claims in the Comdata case.

The record reflects the parties have settled a major issue reflected in the pretrial order.  That is, the parties no longer have any dispute concerning Continental's alleged obligation to reimburse MSC for certain defense costs incurred in the underlying litigation (*see* doc. 164).

The jury trial of this case is specially set before the undersigned on **October 6-9 and 13-15, 2009**, starting each day at 9:00 a.m.  Trial is expected to take no more than 7 days.  In addition to the Exclusion (p) issue described above (which MSC asserts has not been preserved), counsel report that the only major remaining issue for trial following Judge Murguia's recent rulings concerns whether Continental has any duty to indemnify MSC for the $1 million settlement payment made in connection with the Comdata lawsuit due to MSC's alleged breach of the cooperation clause in the subject policy.

By **July 17, 2009**, the parties' attorneys shall execute and submit via email to the undersigned's chambers the prescribed magistrate judge consent form.  The undersigned then will secure Judge Murguia's approval and file the consent form.  The consent will not be

effectuated, however, until after such time that Judge Murguia has ruled on any re-filed motion by MSC to strike Continental's rebuttal expert, Michael Conroy, which motion must be filed by July 9, 2009 (*see* doc. 187, pp. 8-9).

IT IS SO ORDERED.

Dated this 2nd day of July, 2009, at Kansas City, Kansas.

                          s/ James P. O'Hara
                          James P. O'Hara
                          U. S. Magistrate Judge