**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **CONTINENTAL CASUALTY COMPANY,** ) <br> ) <br> **Plaintiff,** ) <br> ) <br> v. ) <br> ) <br> **MULTISERVICE CORPORATION,** ) <br> ) <br> ) <br> **Defendant.** ) <br> ) | **CIVIL ACTION** <br><br> **No. 06-2256-CM** |

**MEMORANDUM AND ORDER**

Plaintiff Continental Casualty Company ("plaintiff") brings this action for declaratory judgment against defendant MultiService Corporation ("defendant"). On June 23, 2009, the court denied plaintiff's partial motion for summary judgment with respect to its duty to indemnify (Doc. 188). Plaintiff requests that the court reconsider its June 23, 2009 Order (Doc. 194).

**I.   Factual Background**[1]

In its summary judgment motion, plaintiff contended that it was entitled to summary judgment on the issue of indemnity, arguing that Exclusion (p) of the applicable insurance policy precludes coverage for the tortious interference claim. As the insurer, plaintiff had the burden to establish that Exclusion (p) precludes coverage of the tort claim. *Upland Mut. Ins., Inc. v. Noel*, 519 P.2d 737, 741 (Kan. 1974). Plaintiff argued that Exclusion (p) precludes coverage because the antitrust and tortious interference claims arise from the same alleged conduct. Defendant argued that under Kansas law, it is the theory of liability rather than the cause of the injury that governs coverage. To support its argument, defendant relied upon *Crist v. Hunan Palace, Inc.*, 89 P.3d 573

---

[1] A detailed factual background has been set forth in the court's prior order and will not be unnecessarily repeated here.

(Kan. 2004), *Marquis v. State Farm Fire & Cas. Co.*, 961 P.2d 1213, 1221 (Kan. 1998), and *Upland*. In its summary judgment briefing and in its motion for reconsideration, plaintiff contends that *Crist, Marquis*, and *Upland* are limited to a narrow line of cases involving negligent entrustment, supervision, hiring, and retention claims. Plaintiff argues that the court's June 23, 2009 Order improperly expanded this line of cases to policy language and facts never contemplated by the Kansas Supreme Court.

## II.     Standards for Judgment

Plaintiff filed its motion pursuant to D. Kan. Rule 7.3, which provides that "[m]otions seeking reconsideration of dispositive orders or judgments must be filed pursuant to Fed. R. Civ. P. 59(e) or 60." D. Kan Rule 7.3. The grounds justifying an alteration, amendment, or reconsideration are essentially the same: (1) a change in law; (2) new evidence; and/or (3) the necessity of correcting clear error or preventing manifest injustice. *See* D. Kan. R. 7.3(b) (listing factors for reconsideration); *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (listing Rule 59(e) factors); *Priddy v. Massanari*, No. 99-4195-DES, 2001 WL 1155268, at *2 (D. Kan. Sept. 28, 2001) (observing that the factors for reconsideration and Rule 59(e) are the same). "Appropriate circumstances for a motion to reconsider are where the court has obviously misapprehended a party's position on the facts or the law, or the court has mistakenly decided issues outside of those the parties presented for determination." *Sithon Maritime Co. v. Holiday Mansion*, 177 F.R.D. 504, 505 (D. Kan. 1998) (citations omitted). "A party's failure to present its strongest case in the first instance does not entitle it to a second chance in the form of a motion to reconsider." *Id.*

## III.    Discussion

Admittedly, plaintiff seeks reconsideration of an argument it previously presented during its summary judgment briefing, but plaintiff contends that a motion for reconsideration is necessary to "provide the court with a more detailed background of the Upland rule and its application by Kansas courts."  (Doc. 197, at 2.)  Plaintiff summarizes the *Upland* rule as holding that negligent entrustment, supervision, hiring, and retention claims are not automatically precluded from coverage by an auto exclusion.  The Kansas Supreme Court has stated that "the rule taken from *Upland* is that the theory of liability rather than the cause of the accident governs coverage."  *Marquis*, 961 P.2d at 1221.  Although originally and continually applied in automobile exclusion cases—*Upland*, *Marquis*, and *Crist*—the Kansas Supreme Court has not limited it to automobile exclusions.  In *Catholic Diocese of Dodge City v. Raymer*, 840 P.2d 456 (Kan. 1992), the Kansas Supreme Court reiterated that, unlike other states, "Kansas does not look to the underlying cause of the injury to determine coverage, but to the specific theory of liability alleged."  840 P.2d at 461.  Applying *Upland*, the *Catholic Diocese* court found that even though the intentional acts exclusion in the homeowners policy would exclude coverage for a child's liability for intentionally causing damage to a school, it did not exclude coverage for the separate and distinct theory of negligent supervision.  *Id.*

The *Upland* rule has received much criticism and, as plaintiff correctly notes, courts have sometimes ignored it.  The dissent in *Marquis* recognized that the cases relied on in *Upland* have not fared well and that many states have limited the rule.  961 P.2d at 1225–27 ("Kansas appears to be completely out of step with all the holdings around the United States. . . . The overwhelming majority of states, in determining coverage, look to the underlying cause of the injury rather than the specific theory of liability alleged.").  In 1989, the Kansas Court of Appeals stated that it did not "believe the Supreme Court intended for its decision in *Upland Mutual* to apply . . . to cases which

do not involve exclusion clauses under homeowner's liability policies." *State Farm Mut. Auto. Ins. Co. v. Cummings*, 778 P.2d 370, 376 (Kan. Ct. App. 1989), *abrogated on other grounds by Cashman v. Cherry*, 13 P.3d 1265 (Kan. 2000)). In 1992, the Tenth Circuit, without addressing the *Upland* rule, relied on the factual allegations, not the alleged theories of liability, when determining that a policy exclusion barred coverage. *Bendis v. Fed. Ins. Co.*, 958 F.2d 960, 963 (10th Cir. 1991). The Kansas Court of Appeals also attempted to limit the rule in *State Farm Ins. Cos. v. Gerrity*, 968 P.2d 270 (Kan. Ct. App. 1998), when it found that "in ignoring the negligence claims made by the plaintiff in *First Financial Ins. Co. v. Bugg*, 265 Kan. 690, 706–07, 962 P.2d 515 (1998), our Supreme Court reasoned that theories of liability are irrelevant when injuries occur from intentional acts." 968 P2d at 272–73. And as recent as 2000, the Kansas District Court noted that

> [s]ince under *Marquis*, the rule in *Upland* applies to negligent entrustment case[s], along with claims based on negligent hiring, retention, or supervision, it is not clearly settled that Kansas would look to the theory of liability in [cases which do not] fall into the categories of claims listed in *Marquis*.

*Atchison, Topeka & Santa Fe Ry. Co. v. Stonewall Ins. Co.*, No. 94CV1464, 2000 WL 34001583, at *15 (Kan. Dist. Ct. July 24, 2000).

Despite the criticism and suggested limitations on *Upland's* application, the Kansas Supreme Court continues to apply *Upland* and has declined to expressly limit the rule to homeowners policies and/or negligent entrustment, supervision, hiring, and retention claims. *Crist*, 89 P.3d at 579–80. Since other courts have expressed confusion over, opined on, and ignored the *Upland* rule, the Kansas Supreme Court has had the opportunity to clarify the application of the *Upland* rule or limit it to certain types of claims, but has not done so. This court recognizes that the Kansas courts may limit the *Upland* rule to negligent claims or certain types of insurance policies in

the future, but based on the Kansas Supreme Court's refusal to do so thus far, this court finds that, in Kansas, it is the theory of liability, as opposed to the alleged injury, that determines whether an insurance exclusion applies.

After considering the parties' briefs on plaintiff's motion to reconsider, the court finds that plaintiff has not presented any instances of manifest error or mistake warranting reconsideration of the court's prior ruling. *Odessa Ford, LLC v. T.E.N. Invs., Inc.*, No. 07-2161-KHV, 2009 WL 1617465, at *2 (D. Kan. June 9, 2009) (stating that a motion to reconsider should generally be denied unless it clearly demonstrates manifest error of law).

**IT IS THEREFORE ORDERED** that Plaintiff Continental Casualty Company's Motion for Reconsideration of June 23, 2009 Order (Doc. 118) (Doc. 194) is denied.

Dated this 5th day of August 2009, at Kansas City, Kansas.

                                               s/ Carlos Murguia
                                               **CARLOS MURGUIA**
                                               **United States District Judge**