**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **CONTINENTAL CASUALTY COMPANY,** )<br>)<br>**Plaintiff,** )<br>)<br>v. )<br>)<br>**MULTISERVICE CORPORATION,** )<br>)<br>**Defendant.** )<br>) | **CIVIL ACTION<br>No. 06-2256-CM** |

**MEMORANDUM AND ORDER**

Plaintiff Continental Casualty Company brings this action for declaratory judgment against defendant MultiService Corporation. This matter is before the court on Defendant's Motion to Limit Testimony of Plaintiff's Rebuttal Expert Michael Conroy (Doc. 192).

**I.   Factual Background**[1]

Plaintiff issued an insurance policy to defendant for the period of August 1, 2004 through May 2, 2005 ("Policy"). In December 2004, defendant was sued by Comdata Network, Inc. ("Comdata Lawsuit"). The parties in the Comdata Lawsuit reached a settlement agreement, which included a $1 million payment from defendant to Comdata. The instant lawsuit is a declaratory judgment action related to duties to defend and indemnify under the Policy arising out of the Comdata Lawsuit.

Under the court's scheduling order, the expert disclosure deadline for plaintiff (any party having the affirmative burden of proof, i.e., on a counterclaim) was July 18, 2008. Prior to the deadline, plaintiff designated Allan Windt and John Schultz and defendant designated Thomas Lambert. The expert disclosure deadline for defendant (or any responding party on a counterclaim)

---

[1] A detailed factual background has been set forth in the court's prior orders and will not be unnecessarily repeated here.

was August 21, 2008.  On August 22, 2008, plaintiff designated Mr. Conroy as a rebuttal expert.

## II.   Discussion

Plaintiff intends to call Mr. Conroy as a rebuttal expert to testify regarding its claim that defendant violated the Policy's cooperation clause.  In the present motion, defendant seeks to limit Mr. Conroy's testimony, arguing (1) Mr. Conroy is not a true rebuttal expert, and thus, he was untimely disclosed because he should have been disclosed under the affirmative expert deadline; (2) Mr. Conroy's report is irrelevant to the issue of whether defendant violated the cooperation clause; and (3) as a rebuttal witness, Mr. Conroy should not be allowed to testify in plaintiff's case-in-chief.  Plaintiff argues that defendant's motion is untimely.

### A.   Timeliness of Defendant's Motion

Relying on *Raytheon Aircraft v. United States*, No. 05-2328-JWL, 2008 WL 627488, at *13 (D. Kan. Mar. 4, 2008), plaintiff argues that the issue of whether an expert qualifies as a true rebuttal expert is a technical objection that must be filed within eleven days of service of the expert disclosure.  Related to expert disclosures, the Fifth Amended Scheduling Order provides that:

> The parties shall serve any objections to such disclosures (other than objections pursuant to Fed. R. Evid. 702-705, *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999), or similar case law), within 11 days after service of the disclosures upon them.  These objections should be confined to technical objections related to the sufficiency of the written expert disclosures (e.g., whether all of the information required by Rule 26(a)(2)(B) has been provided, such as lists of prior testimony and publications).  These objections need not extend to the admissibility of the expert's proposed testimony.

In *Raytheon*, the scheduling order contained language identical to the scheduling order in this case.

When reviewing a similar objection,[2] Judge Lungstrum summarily denied the objection as untimely, finding it was a technical objection subject to the eleven-day objection deadline. Judge Lungstrum noted that "the purpose of that provision in the scheduling order, of course, is to ensure that objections are raised at an early enough phase of the litigation that remedies short of exclusion will still be available in the event of an objectionable report or disclosure." *Id.* Here, plaintiff's short delay does not violate the purpose of the eleven-day objection deadline. After receiving Mr. Conroy's report, defendant moved quickly to depose him and gather the facts needed for the instant motion. And, unlike the movant in *Raytheon*, defendant filed its motion within 15 days of deadline. Although a technical objection, the court finds that neither party was prejudiced by the delay, and thus, the court will address the merits of the motion.

### B.    Merits of Defendant's Motion

Defendant argues that Mr. Conroy was untimely disclosed because he should have been disclosed under the affirmative expert deadline. A party that fails to disclose a witness as required under Rule 26(a) is prohibited from using the witness unless the failure was substantially justified or harmless. Fed. R. Civ. P. 37(c)(1). In order to avoid performance under the Policy, plaintiff must demonstrate a breach of the cooperation clause that causes substantial prejudice to the insurer's ability to defend itself. *Youell v. Grimes*, 217 F.Supp.2d 1167, 1174 (D. Kan. 2002) (citing *Boone v. Lowry*, 657 P.2d 64, 70 (Kan. Ct. App. 1983)). Although plaintiff did not designate an affirmative expert to address the cooperation clause, defendant disclosed Mr. Windt to offer opinions about whether defendant was bound by the cooperation clause and whether defendant breached its duty to

---

[2] The objection in *Raytheon* was that the designated rebuttal expert was actually an affirmative expert—that is, one whose report should have been disclosed by the initial disclosure deadline—and that the untimely disclosure on the deadline for filing rebuttal reports was without substantial justification and prejudiced Raytheon.

cooperate. Because plaintiff designated Mr. Conroy as an expert to rebut Mr. Windt,[3] the court finds that designating him as a rebuttal expert and disclosing him pursuant to the rebuttal expert deadline was substantially justified. Furthermore, disclosing Mr. Conroy as a rebuttal expert was harmless as it did not preclude defendant from having an expert on the cooperation issue—defendant has designated Mr. Windt to offer opinions regarding the cooperation clause.

Defendant also argues that Mr. Conroy's opinions are irrelevant to the cooperation clause issue. Defendant contends that Mr. Conroy has no opinions about (1) plaintiff's claim that defendant entered into a settlement agreement without its prior consent, (2) whether consent to settle was unreasonably withheld by plaintiff, or (3) whether plaintiff suffered substantial prejudice as a result of defendant's settlement of the Comdata Lawsuit.   Mr. Conroy's expert report does not address the issue of whether defendant settled the case without plaintiff's written consent; thus, the court finds that he should not offer an expert opinion on the issue. However, Mr. Conroy's expert report is otherwise relevant to whether the cooperation clause was breached. His opinion addresses settlement negotiations in the Comdata Lawsuit, including plaintiff's concerns about its responsibility for the settlement in light of the sale of defendant's aviation division.

Defendant also requests that the court prohibit plaintiff from calling Mr. Conroy in its case-in-chief. Plaintiff does not contend that it plans to call Mr. Conroy in its case-in-chief and acknowledges that it designated him as its rebuttal expert. The purpose of rebuttal testimony is to explain, repel, counteract, or disprove evidence of the opposing party. *United States v. Lamoreaux*, 422 F.3d 750, 755 (8th Cir. 2005). Because plaintiff designated Mr. Conroy as a rebuttal expert, the court finds that plaintiff cannot call Mr. Conroy in its case-in-chief. *See, e.g., Marmo v. Tyson Fresh*

---

[3] Mr. Conroy testified that he read Mr. Windt's report and was asked to address and rebut the issues raised in the report. (Doc. 198, Ex C, Conroy depo. at 181:24–183:5.)

-5-

*Meats, Inc.*, 457 F.3d 748, 759 (8th Cir. 2006) (finding that the district court "was well within its discretion to rule that witnesses disclosed as rebuttal witnesses under the progression order would testify as rebuttal witnesses at trial.  To construe the order otherwise would eviscerate the distinction between primary and rebuttal witnesses.").

For the above-mentioned reasons, the court finds that Mr. Conroy should be allowed to testify as plaintiff's rebuttal expert.

**IT IS THEREFORE ORDERED** Defendant's Motion to Limit Testimony of Plaintiff's Rebuttal Expert Michael Conroy (Doc. 127) is granted in part and denied in part.

Dated this 12th day of August 2009, at Kansas City, Kansas.

**s/ Carlos Murguia**
**CARLOS MURGUIA**
**United States District Judge**